UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:10-CV-045-KSF

PETER CANAVAN NEWBERRY                                                              PLAINTIFF

VS:                                           **ORDER**

JOHN DOES and JANE DOES                                                           DEFENDANTS

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the failure of the Plaintiff to identify and serve any Defendants in this action.

On February 8, 2010, Peter Canavan Newberry, a resident of Berry, Kentucky, paid the District Court filing fee for a civil action and submitted a *pro se* Complaint, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. He identified himself as a lawyer and candidate for judge for the 18th Judicial District of the Commonwealth of Kentucky. He has alleged that after an article was published about him in the online Cynthiana Forum, on or about December 31, 2009, unknown individuals posted libelous and defamatory statements in response to the article.

The postings have allegedly adversely affected him in his community, his profession, and his race for the judgeship. Plaintiff has specifically asserted the tort claims of defamation, libel *per se*, "false invasion of privacy," and intentional infliction of emotional distress. He demands damages, including punitive damages, prejudgment interest, costs, and fees from "John Does and/or Jane Does (1-5) [who] is currently unknown to Plaintiff and cannot with due diligence be ascertained until Plaintiff obtains discovery."

More than 120 days have passed since Newberry filed his Complaint, and no John or Jane Doe Defendant has been identified and served with process. Plaintiff is a lawyer and presumed to know and follow the law, including the Federal Rules of Civil Procedure. After the passage of so much time, the Court reminds him that one Rule now applicable is the following:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m)(2007).

Failure to effect service of process on unknown defendants within the 120 days as required by Rule 4(m) can be grounds for dismissing such defendants. *Cox v. Reagan*, No. 06-CV-250 (E.D. Tenn. 2009) (slip op.) (citing, *inter alia*, *Doughty v. City of Vermillion,* 118 F.Supp.2d 819, 821 n. 1 (N.D.Ohio 1999) (failure to complete service of process on John Doe defendants within 120 days an additional reason for dismissing those defendants); *Cox v. Lawson,* No. V.A. 397-CV-678-S, 1998 WL 34078441 (W.D.Ky. Dec.18, 1998) (failure to show good cause for not meeting service requirements of Rule 4(m) grounds for dismissing "Unknown Defendants")).

As the Statute of Limitations does not appear to be an issue here and Rule 4(m), itself, provides for the Court's option to set a specific date for compliance, the Court will grant the Plaintiff an additional 90 days in which to move to amend his Complaint with the name of and allegations about an individual Defendant or individual Defendants, after which he must serve any named Defendant with legal process under the Federal Rules. Accordingly,

**IT IS ORDERED** as follows:

(1) Within ninety (90) days of the date of entry of this Order, the Plaintiff shall submit to this Court a Motion to Amend his Complaint with the name of and allegations about a John or Jane Doe Defendant.

(2) Upon the filing of the Plaintiff's response to this Order, or the expiration of the Plaintiff's time for doing so, the Clerk of the court shall submit this matter to the undersigned.

(3) The Plaintiff is on notice that failure to comply with the instant order within the (90) days allotted him will result in the issuance of an Order dismissing this case, without prejudice.

This July 16, 2010.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge